IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY A. COSTILLO,

                Petitioner,            ORDER

    v.

                                                24-cv-251-wmc
                                                20-cr-18-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

Petitioner Jeffrey Costillo seeks postconviction relief under 28 U.S.C. § 2255 following his guilty plea to one count of conspiracy to distribute narcotics. He contends that his conviction is invalid because his counsel was ineffective for failing to file a notice of appeal and because the government would not have been able to prove the conspiracy charge against him. However, Costillo's petition is untimely.

A one-year limitations period applies to § 2255 motions. 28 U.S.C. § 2255(f). As relevant here, the one-year period runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005) (noting that "the operative date from which the limitation period is measured" is usually the date in § 2255(f)(1)); *Clay v. United States*, 537 U.S. 522, 525 (2003) (same). Costillo was sentenced on January 20, 2021. His judgment and commitment were entered on the docket the following day, January 22, 2021. The applicable statute of limitations started

1

to run 14 days later, on February 5, 2021.  28 U.S.C. § 2255(f)(1).  The statute of limitations expired one year later, on February 6, 2022.  *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).  Because Costillo did not file his petition until April 16, 2024, it is more than two years late.

Costillo may be able to overcome the time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  Alternatively, Costillo could argue for an exception to untimeliness based on a credible claim of actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018).  To establish a claim of actual innocence, Costillo "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Perkins*, 569 U.S. at 399. Nothing in Costillo's petition suggests that he would succeed in showing that he was entitled to equitable tolling or an actual innocence claim. However, the court will give Costillo a short time to respond to this order and show that he qualifies for equitable tolling or that he is actually innocent.

ORDER

IT IS ORDERED that petitioner may have until November 12, 2024 to respond to this order and explain why his § 2255 motion should not be dismissed as untimely.  If he

does not respond by the deadline, the court will dismiss the motion as untimely or dismiss the case for failure to prosecute or failure to comply with a court order.

Entered this 22nd day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge